IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO MARTINEZ MARTINEZ, | ) |
| Petitioner, | ) Civil Action No. 3:25-CV-180 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF Nos. 1, 10, and 14 |
| LEONARDO ODDO, *as Warden, Moshannon Valley ICE Processing Center*, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**[1]

Petitioner Antonio Martinez Martinez ("Petitioner") was, at the time of filing, an immigration detainee held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania. Petitioner submitted an "Emergency Petition for Writ of Habeas Corpus" (the "Petition") on June 20, 2025. ECF No. 1. Petitioner claimed that he was being held improperly without having been served a charging document. Id. at 6. By way of relief, he sought either a bond hearing before this Court or an order that Immigration and Customs Enforcement ("ICE") serve him with a charging document, and for immigration court to hold a bond hearing within seven days. Id. at 10. This Court issued a Service Order on June 30, 2025. ECF No. 4

On July 21, 2025 – prior to Respondents' filing of a answer – Petitioner filed a Motion to Maintain this Habeas Petition Pending Release of Petitioner by USICE. ECF No. 10. In this motion, Petitioner relayed that he had been granted a $10,000 bond by an Immigration Judge ("IJ") on July 10, 2025, but ICE was refusing to release him. Id. at 2-3. Petitioner indicated that he has posted an initial $10,000 bond in 2019, the sum of which still was in the possession of the

---

[1] The Parties fully consented to the jurisdiction of an United States Magistrate Judge on July 21, 2025. ECF Nos. 7 and 9.

1

Government. Id. He characterized the new July 10, 2025 bond order as a reinstatement of that prior bond. Id. at 2-3. Petitioner submitted a supporting declaration on July 24, 2025. ECF No. 12.

On July 28, 2025, Petitioner filed a Motion to Dismiss with Conditions. ECF No. 14. In the same, he indicates that a friend posted an additional sum of $10,000 on his behalf on July 25, 2025. Id at 2. Petitioner was released from immigration custody on the same day. Id. Petitioner moved to dismiss this federal habeas proceeding – but with the following conditions.

> a) To require USICE to answer as to why it did not reinstate Petitioner's bond as ordered by the Immigration Judge from July 10 to July 25, 2025, and
>
> b) To require USICE to answer what procedures it follows to reinstate bonds when order to do so by an Immigration Judge, and why the process takes so long, and
>
> c) For such other conditions on dismissal as the Court deems appropriate under the circumstances of this case[.][1]
>
> [1] Counsel for Petitioner believes that it will be of great service to both the Federal Bench and Bar for USICE to disclose its practices and procedures with regard to processing bonds and especially reinstatement of bonds, and will reduce the need for habeas litigation in Federal Courts.

Id. at 2-3 and n.1. These additional conditions do not include the issuance of a new charging document.

Respondents answered the Petition on July 30, 2025, arguing that the Petition should be dismissed as moot. ECF No. 16 at 1. Attached thereto was a letter, dated May 22, 2025, and ostensibly addressed to the individual who posted Petitioner's initial bond in 2019, informing him that the bond had been canceled and that a refund would be issued to him. ECF No. 16-4 at 4.

Petitioner filed an untimely reply to his Motion to Dismiss with Conditions on September 15, 2025, reiterating that Petitioner had been released on bond on July 25, 2025. ECF No. 20 at 3.

2

I.  **THE PETITION IS MOOT.**

"A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Congregation Kol Ami v. Abington Township, 309 F.3d 120, 131 (3d Cir. 2002). In other words, "[w]hen it is no longer possible for this court to grant the relief requested, a case is moot and this court lacks jurisdiction to hear it." Medicine v. McCulloch, 544 F. App'x 699, 699 (9th Cir. 2013).

In the Petition, Petitioner challenges his detention by ICE, and seeks a bond hearing. ECF No. 1 at 10. Petitioner was given a bond hearing, and was released. ECF No. 20 at 3. Thus, it is no longer possible for this Court to grant Petitioner the federal habeas relief that he requests. The Petition is moot, and will be dismissed.[2] See Vasquez v. Aviles, 639 F. App'x 898, 902-03 (3d Cir. 2016) (discussing mootness of a Section 2241 habeas petition in the context of removal).

II. **THE ADDITIONAL RELIEF SOUGHT BY PETITIONER IS NOT COGNIZABLE IN A FEDERAL HABEAS PROCEEDING.**

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Federal habeas relief is unavailable unless the petitioner attacks the fact or duration of his or her imprisonment. See Leamer, 288 F.3d at 542; see also Credico v. BOP FDC Warden of Phila., 592 F. App'x 55, 57-58 (3d Cir. 2014)

But the additional relief requested in his Motion to Dismiss with Conditions, ECF No. 14, does not accomplish those things. Disclosure of ICE's procedures for reinstatement of bond as a general matter will not affect Petitioner's current detention – which has ended. Additionally,

---

[2] The same is true for Petitioner's Motion to Maintain this Habeas Petition Pending Release of Petitioner by USICE. ECF No. 10.

Respondent has explained why the 2019 bond was not reinstated, and have given notice that a refund will be issued to the individual who posted it. Accordingly, the additional relief will be denied.

### III. CONCLUSION

For the foregoing reasons the Petition, ECF No. 1, will be dismissed as moot. The Motion to Maintain this Habeas Petition Pending Release of Petitioner by USICE, ECF No. 10, likewise will be denied as moot. Petitioner' Motion to Dismiss with Conditions, ECF No. 14, will be denied in part as moot, and otherwise denied as not cognizable in habeas.

A certificate of appealability is not required for federal detainees seeking relief under Section 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). See also 28 U.S.C. § 2253(c)(1). Therefore, it is not necessary to determine whether one should be issued here.

An appropriate Order follows.

Dated: September 24, 2025

BY THE COURT,

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record (*via* CM/ECF)